UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

TRUE NORTH MAINE INC,        )
                                     )
             Plaintiff        )
                                     )
v.                              )         1:18-CV-00333-LEW
                                     )
LIBERTY MUTUAL INSURANCE   )
COMPANY,                        )
                                     )
             Defendant

## **ORDER ON MOTION TO CLARIFY AND MOTION TO STAY**

The matter is before the Court on a Consented to Motion to Clarify (ECF No. 29) and Consent Motion to Stay (ECF No. 30).

### **Motion to Clarify**

On February 19, 2019, I issued an order denying Liberty Mutual's motion to dismiss True North's amended complaint seeking a defense and indemnification from Liberty Mutual. In the order, I explained the applicable legal standard in the following words:

> The question of whether an insurer owes an insured a duty to defend is "a question of law" determined by the "comparison test," which requires a court to "compare[] the allegations of the underlying complaint with the provisions of the insurance policy." *Anderson* [*v. Virginia Sur. Co.*], 985 F. Supp. [182,] 187. If the comparison test reveals there is "any legal or factual basis, which could be developed at trial, which would obligate the insurers to pay under the policy," then the insured is entitled to a defense. *Id.*

Decision and Order on Defendant's Motion to Dismiss Amended Complaint at 7 (ECF No. 16).

Discussing Liberty Mutual's challenge to True North's claim for breach of the terms of the U.S. CGL Policy, I concluded, based on a legal analysis set out in some length, that the Policy's coverage provision applied to the claim asserted against True North in the underlying litigation, *id.* at 9, and that none of the exclusions categorically foreclosed the possibility of coverage. With regard to the exclusions, I explained my reasoning:

1. That because Mr. Taylor, the employee-plaintiff in the underlying litigation, plausibly alleged injury due to certain acts and omissions of co-workers during a prolonged period in which Taylor was unconsciousness, which acts and omission had no tendency to serve the employer's duty of care to an unconscious employee known to be on the premises, it could be the case that Taylor's injury did *not* arise out of and in the course of his "employment" – the idea being, in other words, that a person left unconscious throughout a scheduled shift was not engaged in work activity, and fellow employees who effectively abandoned such a person were not acting in the employer's interest, either, *id.* at 11 – 12 (discussing course of employment exclusion);

2. That the same allegations evade the workers' compensation exclusion for, essentially, the same reasons, *id.* at 12; and

3. That the allegations describe a harm different in kind from the sort of harms excluded from coverage by the employment-related practices exclusion, which exclusion is described as, and exemplified by, principal-upon-agent impositions like demotion, discipline, discrimination, and the like, *id.* at 13.

Based on this reasoning, I determined that True North's "allegations raise a plausible basis for relief." *Id.* at 14.

Because True North did not file a competing motion for judgment as a matter of law, or request partial summary judgment, I did not include any such award in my prior Decision and Order. The parties now ask whether it was my intention to declare a duty to defend.

The Motion to Clarify is **GRANTED**. It was not my intention to grant relief to True North in the absence of a motion. Fed. R. Civ. P. 7(b). Nevertheless, if one follows the

2

reasoning of the Decision and Order, it should be apparent that I concluded, as a matter of law, that facts could be developed during trial in the underlying litigation, which facts would obligate Liberty Mutual to indemnify True North under the U.S. CGL Policy. Consequently, True North is entitled to a defense.

## Motion to Stay

The parties request that this proceeding be stayed pending completion of the trial. The motion is GRANTED.

**SO ORDERED.**

Dated this 28th day of January, 2020.

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**